## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARONDA D. BROOKINS,**<br>  **Plaintiff,**<br><br>     **v.**<br><br>**RED CLAY CONSOLIDATED**<br>**SCHOOL DISTRICT,**<br>  **Defendant.** | **CIVIL  ACTION**<br>**No. 07-3374** |

### MEMORANDUM  AND  ORDER

**Katz, S.J.**                                                     **December 6, 2007**

Before the court are Defendant's "Motion to Dismiss for Improper Venue" (Document No. 9), and Plaintiff's response thereto.  For the following reasons, Defendant's motion is denied.  However, as venue is improper in the United States District Court for the Eastern District of Pennsylvania ("Eastern District"), this court will transfer this case to the United States District Court for the District of Delaware ("District of Delaware").

### I.  Background

 Plaintiff's employment with Defendant was terminated on March 10, 2006, because of her criminal background.  (Compl.)  Plaintiff alleges that this termination was an injustice, as Defendant waited almost seven months after receiving her criminal background to terminate her.  (Compl.)  Furthermore,

Plaintiff claims to have had an excellent evaluation following her 90-day

probationary period.  (Compl.)  Moreover, with the same criminal history,

Defendant employed Plaintiff from 1995 to 1999, at which time she resigned in

good standing.  (Compl.)  Plaintiff does not specify upon which statute she bases

her claim.

Defendant filed a motion to dismiss this action, claiming that venue is

improper in the Eastern District.

## II.  Legal Standard

Typically, 28 U.S.C. § 1391(b) governs venue in a civil action where

jurisdiction is not founded solely on diversity of citizenship.  Under § 1391(b), a

suit can be filed in (1) any judicial district where any defendant resides, if all

defendants reside in the same State; (2) a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred; or (3) a judicial

district in which any defendant may be found, if there is no district in which the

action may otherwise be brought.

However, Title VII contains an exclusive venue provision, allowing a Title

VII case to be brought only in a district (1) where the allegedly unlawful

employment practice was committed; (2) where the relevant employment records

are maintained and administered; (3) where the aggrieved person would have

worked but for the alleged unlawful employment practice; or (4) where the
defendant's principal office is situated, if the action may be brought in no other
district. *See* 42 U.S.C. § 2000e-5(f)(3). This provision renders the general venue
provision of 28 U.S.C. § 1391 inapplicable to claims under Title VII. *Id.*; *Trawick
v. Harvey*, No. 06-1937, 2006 WL 2372241, at *1 (E.D.Pa. Aug. 15, 2006).

§ 1406(a) applies when the original venue is improper. Under § 1406(a),
"the district court of a district in which is filed a case laying venue in the wrong
division or district shall dismiss, or in the interest of justice, transfer such case to
any district or division in which it could have been brought." 28 U.S.C. § 1406(a).
If venue is improper, the district court has limited discretion; it can either dismiss
the case or transfer it to a district in which it could have originally been brought.
*Id.* Under § 1406(a), the burden is on the moving party to establish that the
transfer is warranted. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-5 (3d Cir.
1982) (holding that "the defendant should ordinarily bear the burden of showing
improper venue in connection with a motion to dismiss" under § 1406).

### III. Discussion

As Plaintiff does not specify upon what statute she bases her claim, the
court will analyze venue under both the general venue statute for civil claims, and
Title VII's exclusive venue statute. *See* 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-

5(f)(3).  However, under either statute, venue is improper in the Eastern District.

Thus, Plaintiff's claim will be transferred to the District of Delaware under §

1406(a).

A.     Venue is Improper in the Eastern District Under § 1391(b).

Defendant establishes that venue in the Eastern District is improper under

the general venue statute for civil actions where jurisdiction is not founded solely

on diversity of citizenship.  *See* 28 U.S.C. § 1391(b).

In the absence of exclusive venue provisions, venue for Plaintiff's claim is

analyzed under the § 1391(b) framework.  Under § 1391(b), claims resting on

federal question subject matter jurisdiction may be brought in any district (1)

where any defendant resides, if all defendants reside in the same State; (2) in

which a substantial part of the events or omissions giving rise to the claim

occurred; or (3) in which any defendant may be found, if there is no district in

which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b).

First of all, Defendant does not reside in the Eastern District.  *See* 28 U.S.C.

§ 1391(b)(1).  Defendant is a school district in New Castle County in the state of

Delaware.  (Def.'s Mot. ¶ 1.)  Therefore, Defendant is a resident of Delaware, and

of the District of Delaware, rather than the Eastern District.  *See Gerr v. Emrick*,

283 F.2d 293, 298-9 (3d. Cir. 1960) (holding that the Pennsylvania Turnpike

Commission resides in Pennsylvania).  Thus, venue will not lie on this basis.

Second, little to none of the events or omissions giving rise to the claim occurred in the Eastern District.  *See* 28 U.S.C. § 1391(b)(2).  When determining whether events or omissions in a given district satisfy this test, "it is necessary to look at the nature of the dispute."  *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994).  Events or omissions with only a "tangential connection with the dispute in litigation are not enough."  *Id.* at 294.  The requirement of substantiality is "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  *Id.*

Here, the nature of Plaintiff's claim is one of wrongful termination. (Compl.)  Yet, Plaintiff's employment and termination from Defendant both occurred in Delaware, rather than in the Eastern District. (Compl.)  Moreover, Plaintiff currently works in Delaware, outside of the Eastern District.  (Compl.) Plaintiff has failed to present any significant events or omissions occurring in the Eastern District that could "give rise" to her claims.  Thus, no substantial part of the events or omissions giving rise to this claim occurred in the Eastern District, and venue will not lie on such a basis.

Finally, as this action could have been brought in the District of Delaware,

*see infra* Part III.C., the catch-all provision found in § 1391(b)(3) would not apply.
*See* 28 U.S.C. § 1391(b)(3).  Hence, venue in the Eastern District is improper
under § 1391(b).

> B.     The Eastern District is Not the Proper Venue for Plaintiff's Claim
>        Under Title VII's Exclusive Venue Provision.

Venue in the Eastern District is also improper under the exclusive venue
provision of Title VII.

As outlined above, Title VII claims can only be brought in a district (1)
where the allegedly unlawful employment practice was committed; (2) where the
relevant employment records are maintained and administered; (3) where the
aggrieved person would have worked but for the alleged unlawful employment
practice; or (4) where the defendant's principal office is situated, if the action may
be brought in no other district.  *See* 42 U.S.C. § 2000e-5(f)(3).

Here, Plaintiff's employment was in and would have continued to be in the
state of Delaware.  (Def.'s Mot. ¶¶ 1, 4.)  Furthermore, all incidents relating to
Plaintiff's grievances and subsequent termination occurred in Delaware.  (Defs.'
Mot. ¶¶ 1, 4.)  Defendant's employment records are maintained and administered
in Delaware as well.  (Def.'s Mot. ¶ 4.)  Finally, as this case could have been
brought in the District of Delaware, *see infra* Part III.C., the catch-all provision

allowing the case to be brought where the defendant's principal office is situated is inapposite. *See* 42 U.S.C. § 2000e-5(f)(3). Nevertheless, Defendant's principal place of business is in Delaware. (Def.'s Mot. ¶ 1.) Thus, as the Eastern District fails to satisfy any of the conditions of Title VII's exclusive venue provision, venue is improper.

<u>C.</u>    <u>This Case Will Be Transferred to the District of Delaware Under §</u>
       <u>1406(a).</u>

Under § 1406(a), if venue is improper, the district court shall dismiss the case or, if the interest of justice requires it, transfer that case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, if venue is improper, the district court has limited discretion; it can either dismiss the case or transfer it to a district in which it could have originally been brought. *Id.* However, it must do one or the other. *Id.* Yet, dismissal is considered "a disfavored remedy because of the strains it imposes on judicial and party resources." *Knight v. Corp. for Nat'l and Community Servs.*, No. 03-2433, 2004 WL 2415079, at *6 (E.D.Pa. Oct. 28, 2004); *see also Goldlawr,* 369 U.S. at 466.

Under § 1406(a), the burden is on the moving party to establish that the transfer is warranted. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-5 (3d Cir.

1982) (holding that "the defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss" under § 1406).  It should also be noted that a lack of personal jurisdiction over Defendant is no bar to this court's transfer of this case under § 1406(a).  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

As explained above, venue is improper in the Eastern District.  *See supra* Parts III.A., B.  Yet, venue would be proper in the District of Delaware.  In accordance with § 1391(b)(1), Defendant, by its own admission, is a resident of Delaware.  (Def.'s Mot. ¶ 1.)  Moreover, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Delaware as well, as Plaintiff was employed by and terminated from Defendant in Delaware.  *See supra* Part III.B. Thus, the District of Delaware satisfies both §§ 1391(b)(1) and (2), and Plaintiff's case could have originally been brought therein under the general venue statute.  *See* 28 U.S.C. § 1391(b).

Moreover, venue in the District of Delaware would also be proper under the exclusive venue provision of Title VII.  *See* 42 U.S.C. § 2000e-5(f)(3).  Here, not only was Plaintiff's employment in and would have continued to be in the District of Delaware, but all incidents relating to Plaintiff's grievances and subsequent termination occurred in Delaware.  (Defs.' Mot. ¶¶ 1, 4.)  Furthermore,

8

Defendant's employment records are in Delaware as well.  (Def.'s Mot. ¶ 4.)
Hence, Plaintiff's case could have originally been brought in the District of
Delaware under Title VII"s exclusive venue provision.  *See* 42 U.S.C. § 2000e-
5(f)(3).

As venue is improper in the Eastern District, Defendant's motion seeks
dismissal of this case with prejudice.  However, dismissal is a disfavored remedy
and in the interests of justice, this court will instead transfer this case to the
District of Delaware under § 1406(a).


**IV.  Conclusion**

Under either the exclusive venue provision of Title VII or the general venue
statute of § 1391, the Eastern District is not the proper venue for Plaintiff's claims.
Thus, under § 1406(a), this court will transfer those claims to the District of
Delaware, where the action could have originally been brought.


An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARONDA D. BROOKINS,**<br>  **Plaintiff,**<br><br>      **v.**<br><br>**RED CLAY CONSOLIDATED**<br>**SCHOOL DISTRICT,**<br>  **Defendant.** | **CIVIL  ACTION**<br>**No. 07-3374** |

## ORDER

**AND NOW,** this 6th day of December, 2007, upon consideration of Defendant's "Motion to Dismiss for Improper Venue" (Document No. 9), and Plaintiff's response thereto, it is hereby **ORDERED** as follows:

1.  Defendant's motion is **DENIED**; but

2.  This case is transferred to the United States District Court for the District of Delaware.

**BY THE COURT:**

**/s/ Marvin Katz**

_____

**MARVIN KATZ, S.J.**